IN THE MATTER OF: APPEAL OF WEAVER INVESTMENT COMPANY FROM THE DECISION OF THE ALAMANCE COUNTY BOARD OF EQUALIZATION AND REVIEW CONCERNING REAL PROPERTY TAXATION FOR TAX YEAR 2001

No. COA03-1226

(Filed 6 July 2004)

**Taxation— property—appraisal value—cost approach—income approach**

A whole record test revealed that the Property Tax Commission did not err by relying on an independent appraiser's determination of property value to determine that the true value of taxpayer's hotel property was $2,880,000 instead of using the county appraiser's value of $4,813,953, because: (1) the county's appraiser used the cost approach, which is better suited for valuing specialty property or newly developed property, instead of the income approach which is the most reliable method of valuation; (2) the county appraiser admitted to using the income approach to value similar investment properties such as apartments and other commercial properties in the area, but failed to explain why he valued the pertinent property differently; (3) the taxpayer's appraiser employed three different methods and concluded that the income approach was the best indicator of value; (4) the county's appraiser failed to take into account the statutory factors listed in N.C.G.S. § 105-317(a) that affect the true value of the taxpayer's property such as location, zoning, quality of soil, waterpower, water privileges, past income, probable future income, and any other factors that may affect its value; (5) an appraisal must consider any disadvantages inherent in a property's location including the declining attractiveness of the property's use for a specific purpose; and (6) the county's appraiser failed to physically visit the property as required by N.C.G.S.

IN RE APPEAL OF WEAVER INV. CO.

[165 N.C. App. 198 (2004)]

§ 105-317(b) and failed to compare the property to other hotel properties in the Burlington area.

Appeal by respondent Alamance County from final decision entered 1 May 2003 by Chairman Terry L. Wheeler for the North Carolina Property Tax Commission. Heard in the Court of Appeals 9 June 2004.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by S. Leigh Rodenbough IV and Charles F. Marshall III, for petitioner-appellee Weaver Investment Company.*

*Alamance County Attorney David I. Smith for respondent-appellant Alamance County.*

TYSON, Judge.

Alamance County ("the County") appeals the decision of the North Carolina Property Tax Commission holding: (1) the appraised value of Weaver Investment Company's ("the taxpayer") improved property was error; (2) the County used an arbitrary and illegal method of appraisal resulting in a value substantially exceeding the true value of the taxpayer's property; and (3) reducing the value of the property from $4,813,953.00 to $2,880,000.00. We affirm.

## I. Background

The taxpayer owns the Burlington Holiday Inn ("BHI") located off of Interstate 85 at Exit 145 in Burlington, North Carolina. The BHI was built in 1987 and has operated as a full-service hotel since 1989. In 1989, Exit 145 was an active commercial corridor as Burlington was considered "the outlet center of the South." In the 1990s, other outlet shopping centers began opening in competition with Burlington. Commercial activity in the Burlington area dramatically declined. The restaurants that surrounded BHI that attracted hotel patrons closed or were converted into other businesses, such as car dealerships or smaller restaurants.

The change and decline in the surrounding areas decreased the occupancy and revenues at BHI: occupancy dropped 6.6 percent between 1997 and 1998, dropped 3.7 percent in 1999, increased 6.4 percent in 2000, and again dropped 11.3 percent in 2001 to a 55 percent occupancy rate. Room revenues dropped $171,211.00 between 1997 and 1998, dropped $75,983.00 in 1999, increased $97,954.00 in

2000, and dropped $250,021.00 in 2001. Total revenues declined to $2.5 million in 1998 and $2.36 million in 1999, increased to $2.51 million in 2000, and dropped to $2.21 million in 2001.

In January 2001, the County was required by statute to conduct a county wide octennial reappraisal of real property. *See* N.C. Gen. Stat. § 105-286 (2003). Luther Ford ("Ford"), an employee of Cole Lloyd Tremble Company, was the project manager for the County's reappraisal. In valuing BHI, Ford used a "cost approach" method. Ford estimated the replacement cost of the building, deducted the accrued depreciation of the building, and added the estimated value of the land. Ford did not use any other approaches to arrive at a value for BHI. Using the cost approach, Ford appraised the land value of BHI at $5.67 per square foot. The County relied exclusively on Ford's data to appraise BHI at $4,813,953.00.

The taxpayer appealed the County's appraisal to the Alamance County Board of Commissioners ("the Board"), sitting as the Alamance County Board of Equalization and Review. The County's appraisal of value for BHI was sustained by the Board. The taxpayer appealed the decision to the Property Tax Commission ("the Commission").

The taxpayer subsequently retained C.D. Foster ("Foster") to perform an independent appraisal of BHI. Foster's report contained a detailed physical description of the property and considered the visibility of BHI from Interstate 85, the accessibility of BHI from the road, characteristics of the neighborhood, and BHI's standing among a competitive set of surrounding hotels, many of which Ford did not consider in his appraisal of BHI.

Foster employed three different valuation methods in his appraisal—a "cost approach," a "comparable sales approach," and an "income approach." Foster appraised BHI at $3,740,000.00 using the "cost approach," $3,630,000.00 under the "comparable sales approach," and $2,880,000.00 under the "income approach." Foster concluded the "income approach" was the best indicator of value for BHI because it is "an investment grade property" and "[t]he potential to produce income and show profit is the driving force to any investor . . . ."

On 13 March 2003, the Commission heard the taxpayer's appeal. The Commission heard testimony from numerous witnesses, including Ford and Foster concerning their valuation methods. On 1 May

IN RE APPEAL OF WEAVER INV. CO.

[165 N.C. App. 198 (2004)]

2003, the Commission entered a final decision reducing the County's appraisal of BHI from $4,813,953.00 to $2,880,000.00. The Commission found that the County "did not properly appraise the Taxpayer's property in accordance with its schedule of values, standards, and rules effective as of January 1, 2001." The Commission also found that the taxpayer met his burden of proof by producing "competent, material and substantial evidence" to show: (1) the County used an "arbitrary or illegal method of appraisal;" and (2) the County's appraisal "substantially exceeded the true value in money of the subject property." The County appeals.

## II. Issues

The issues are whether the Commission erred in: (1) relying on an independent appraiser's determination of property value to determine that the true value of BHI was $2,880,000.00; and (2) concluding that the County employed illegal and arbitrary methods of valuation that resulted in a valuation substantially in excess of the true value of the property, as these findings of fact and conclusions of law are not supported by competent evidence.

## III. Standard of Review

This Court reviews the Commission's decision under the "whole record" test. *In re Appeal of the Greens of Pine Glen, Ltd.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003). The "whole record" test "is not a tool of judicial intrusion" and this Court only considers whether the Commission's decision has a "rational basis in the evidence." *In re Rogers*, 297 N.C. 48, 65, 253 S.E.2d 912, 922 (1979); *see also Greens of Pine Glen, Ltd.*, 356 N.C. at 647, 576 S.E.2d at 319. We may not substitute our judgment for that of the Commission even when reasonably conflicting views of the evidence exist. *See In re Appeal of Owens*, 144 N.C. App. 349, 352, 547 S.E.2d 827, 829, *disc. rev. denied*, 354 N.C. 361, 556 S.E.2d 575-76 (2001) ("It is the responsibility of the Commission to determine the weight and credibility of the evidence presented."); *In re Appeal of Westinghouse Electric Corp.*, 93 N.C. App. 710, 712, 379 S.E.2d 37, 38 (1989) ("The weight to be accorded relevant evidence is a matter for the factfinder, which is the Commission.")

## IV. The Commission's Determination of the Value of BHI

The County contends that the Commission erred in relying on the taxpayer's independent appraiser and determining that the true value of BHI was $2,880.000.00. We disagree. As both assignments

IN RE APPEAL OF WEAVER INV. CO.

[165 N.C. App. 198 (2004)]

of error are substantially similar, we address both in this section of the opinion.

A county's *ad valorem* tax assessments are presumed to be correct. *In re Appeal of Amp, Inc.*, 287 N.C. 547, 562, 215 S.E.2d 752, 761-62 (1975). The burden is on the taxpayer to rebut that presumption by providing competent, material, and substantial evidence to show: (1) the county used an arbitrary or illegal method of valuation; and (2) the county's assessment substantially exceeds the true value of the property. *Id.* at 563, 215 S.E.2d at 762. "It is the function of the administrative agency to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts, and to appraise conflicting and circumstantial evidence. We cannot substitute our judgment for that of the agency when the evidence is conflicting." *In re Appeal of McElwee*, 304 N.C. 68, 87, 283 S.E.2d 115, 126-27 (1981); *see also In re Appeal of Owens*, 144 N.C. App. at 352, 547 S.E.2d at 829; *In re Appeal of Westinghouse Electric Corp.*, 93 N.C. App. at 712, 379 S.E.2d at 38.

N.C. Gen. Stat. § 105-286 (2003) provides:

(a) Octennial Plan—[E]ach county of the State, as of January 1 of the year prescribed in the schedule set out in division (a)(1), below, and every eighth year thereafter, shall reappraise all real property in accordance with the provisions of G.S. 105-283 and 105-317.

N.C. Gen. Stat. § 105-283 (2003), entitled "Uniform appraisal standards," provides:

All property, real and personal, shall as far as practicable be appraised or valued at its true value in money. When used in this Subchapter, the words "true value" shall be interpreted as meaning market value, that is, the price estimated in terms of money at which the property would change hands between a willing and financially able buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of all the uses to which the property is adapted and for which it is capable of being used.

N.C. Gen. Stat. § 105-317 (2003) provides:

(a) Whenever any real property is appraised it shall be the duty of the persons making appraisals:

IN RE APPEAL OF WEAVER INV. CO.

[165 N.C. App. 198 (2004)]

(1) In determining the true value of land, to consider as to each tract . . . at least its advantages and disadvantages as to location; zoning; quality of soil; waterpower; water privileges; . . . past income; probable future income;,and any other factors that may affect its value . . . .

(2) In determining the true value of a building or other improvement, to consider. at least its location; type of construction; age; replacement cost; cost; adaptability for residence, commercial, industrial, or other uses; past income; probable future income; and any other factors that may affect its value.

This Court has held that the income approach is the "most reliable" method to determine the market value of investment or income producing property. *In re Appeal of Owens*, 132 N.C. App. 281, 287, 511 S.E.2d 319, 323 (1999). The cost approach is "better suited for valuing specialty property or newly developed property and is often used when no other method will yield a realistic result." *Greens of Pine Glen, Ltd.*, 356 N.C. at 648, 576 S.E.2d at 320. The reason is that the cost approach "may not effectively reflect market conditions." *In re Appeal of Belk-Broome*, 119 N.C. App. 470, 474, 458 S.E.2d 921, 924 (1995), *aff'd*, 342 N.C. 890, 467 S.E.2d 242 (1996).

The County relied exclusively on the cost approach in reappraising BHI. Ford, the County's appraiser, failed to use the income approach to provide alternative or supporting evidence for its valuation. By rejecting the income approach, the County failed to use the "most reliable" method of valuation in appraising BHI. *In re Appeal of Owens*, 132 N.C. App. at 287, 511 S.E.2d at 323. Further, Ford admitted using the income approach to value similar investment properties such as apartments and other commercial properties in the area, and failed to explain why he valued BHI differently using solely the cost approach.

Foster, the taxpayer's appraiser, employed three different valuation methods in his appraisal—a cost approach, a comparable sales approach, and an income approach. Foster valued BHI at $3,740,000.00 using the cost approach, $3,630,000.00 under the comparable sales approach, and $2,880,000.00 under the income approach. Foster concluded that the income approach was the best indicator of value for BHI because it is "an investment grade property" and "[t]he potential to produce income and show profit is the

driving force to any investor . . . ." Foster's cost approach valuation was over $1,000,000 less than Ford's valuation.

Further, Ford failed to take into account the statutory factors listed in N.C. Gen. Stat. § 105-317(a) that affect the true value of BHI, such as "location; zoning; quality of soil; waterpower; water privileges . . . past income; probable future income; and any other factors that may affect its value." The evidence shows that Foster relied on the occupancy and daily room rates for similar hotels in Burlington and included projections for other income and expenses typically associated with a hotel to calculate BHI's net income. Foster also included BHI's actual income and expenses in his analysis. After applying a capitalization rate of 0.1093 to BHI's projected net operating income of $314,853.00, Foster arrived at a total valuation of $2,880,000.00 for BHI.

Our Supreme Court held that an appraisal must consider any "disadvantages inherent" in a property's location including "the declining attractiveness" of the property's use for a specific purpose. *In re Ad Valorem Valuation of Property at 411-417 West Fourth Street*, 282 N.C. 71, 78, 191 S.E.2d 692, 697 (1972). In *In re Appeal of Stroh Brewery Co.*, this Court affirmed the Commission's determination that a county erred by failing to consider functional and economic obsolescence that affected the subject property. 116 N.C. App. 178, 183-84, 447 S.E.2d 803, 805 (1994).

The record also shows that Ford failed to physically visit BHI as required by N.C. Gen. Stat. § 105-317(b). Foster physically visited BHI and provided an adequate and detailed description of BHI's conditions. Our Supreme Court, interpreting a prior version of N.C. Gen. Stat. § 105-317(b), held "the legislative directive is crystal clear: all property being reappraised by a county must receive an on-site visit and observation by the appraiser." *McElwee*, 304 N.C. at 82, 283 S.E.2d at 124; *see also In re Appeal of Parsons*, 123 N.C. App. 32, 41-42, 472 S.E.2d 182, 188-89 (1996) (A county appraisal considered arbitrary where appraiser, among other things, failed to physically visit the property prior to valuation).

Ford testified that he "drove by" BHI but did not indicate that he actually visited the site. While the failure to perform a physical evaluation is not in and of itself grounds for setting aside the County's valuation, it is a factor to be considered when determining whether the County's valuation was arbitrary or illegal. *See In re Appeal of Land*

*and Mineral Company*, 49 N.C. App. 608, 614, 272 S.E.2d 878, 882 (1980), *cert. denied*, 302 N.C. 397, 279 S.E.2d 351 (1981).

Ford also failed to compare BHI to other hotel properties in the Burlington area. Rather, Ford compared BHI to two restaurants at Exit 141 and a new drug store located at Exit 145. These properties were not comparable to BHI in function, age, or location. Further, when valuing the land, Ford ascribed a per square foot value to BHI that was higher than the land value of a more accessible hotel directly across the street, a new drugstore on a corner lot, and the Ramada Inn that fronted Interstate 85 at Exit 143. Ford offered no credible explanation or supporting evidence to the Commission to account for the higher land value placed on BHI. *See In re Appeal of Parsons*, 123 N.C. App. at 41-42, 472 S.E.2d at 188-89 (A county appraisal deemed arbitrary where appraiser, among other things, used comparable sales that did not reflect characteristics of subject property).

The evidence discussed above shows that the County failed to: (1) use the proper method of valuation by relying exclusively on the cost approach in valuing BHI; (2) make proper adjustments to reflect the true value of BHI; and (3) consider the relevant statutory indicia of value listed in N.C. Gen. Stat. § 105-317 (a).

The County's failure to consider the location and income-producing potential of BHI, combined with the credible evidence of Foster's appraisal using all three methods, is competent, material, and substantial evidence to support the Commission's findings of fact and conclusions of law that the County's appraisal was arbitrary and illegal and substantially exceeded the true value of the property. *In re Appeal of Amp*, 287 N.C. at 563, 215 S.E.2d at 762; *see In re Ad Valorem Valuation of Property*, 282 N.C. at 78, 191 S.E.2d at 697. The Commission's decision has a "rational basis in the evidence." *In re Rogers*, 297 N.C. 48, 65, 253 S.E.2d 912, 922 (1979). The County's assignments of error are overruled.

## V. Conclusion

The County failed to show that the Commission erred in finding that the taxpayer presented competent, material, and substantial evidence to show that the County used an arbitrary and illegal method in appraising BHI and that the assigned value substantially exceeded BHI's true value. The County also failed to show that the Commission's valuation of BHI at $2,880,000.00 was error. The

DEEP RIVER CITIZENS' COALITION v. N.C. DEP'T OF ENV'T & NATURAL RES.

[165 N.C. App. 206 (2004)]

Commission's decision has a "rational basis in the evidence" and is affirmed. *Id.*

Affirmed.

Judges BRYANT and STEELMAN concur.