IN THE MATTER OF: APPEAL OF SHIRLEY W. MURRAY FROM THE DECISION OF THE DURHAM COUNTY BOARD OF EQUALIZATION AND REVIEW CONCERNING THE VALUATION AND TAXATION OF CERTAIN PERSONAL PROPERTY FOR TAX YEAR 2003

No. COA05-1470

(Filed 17 October 2006)

**1. Appeal and Error— preservation of issues—waiver**

The North Carolina Property Tax Commission did not err by denying respondent county's motion to dismiss based on an alleged failure of the taxpayer to carry his burden of showing that the county employed an arbitrary or illegal method of valuation and that the value substantially exceeded the true value in money of the property, because after the denial of its motion, the county presented its own evidence to the Commission and therefore waived its right to appeal the denial of a motion to dismiss.

**2. Taxation— valuation—findings of fact**

A whole record review revealed that the North Carolina Property Tax Commission did not err by its findings of fact that the value of taxpayer's personal property manufactured home was $18,920 as of 1 January 2003 and that the county appraised

the home for 2003 as $34,440 under the same methods as if the property was real property, because: (1) the taxpayer's testimony as to the value of the home was reasonably accepted by the Commission, and thus, was supported by competent, material, and substantial evidence; and (2) as to the method of appraisal, the deputy assessor for the county provided substantial evidence showing the county appraised the home under the same methods as if the home was real property.

### 3. Taxation— manufactured homes—valuation of personal property

The North Carolina Property Tax Commission did not err by its conclusion of law that respondent county employed an arbitrary or illegal method of valuation and that the valuation of taxpayer's personal property manufactured home substantially exceeded the true value of the home, because: (1) the county valued personal property using the same method as it valued real property; (2) the county's schedule of values made no distinction between real and personal property manufactured homes; (3) values were assessed without express consideration of the personal property elements outlined in N.C.G.S. § 105-317.1; and (4) the county's appraisal method failed to culminate in the true value of the taxpayer's home when substantial evidence showed that it revealed a ninety percent appreciation resulting in a $36,043 appraisal, less than $2,000 under the original purchase price.

Appeal by respondent from judgment entered 25 May 2005 by the North Carolina Property Tax Commission, sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 21 August 2006.

*No brief filed for petitioner-appellee.*

*Office of the Durham County Attorney, by Lucy Chavis, Assistant County Attorney, for respondent-appellant.*

MARTIN, Chief Judge.

Durham County appeals the decision of the North Carolina Property Tax Commission reducing the assessed value of Shirley W. Murray's (taxpayer's) manufactured home. Taxpayer's residential manufactured home was situated on leased land, and therefore was classified as personal property and not real property. The Commission found Durham County to have arbitrarily or illegally appraised

**IN RE APPEAL OF MURRAY**

[179 N.C. App. 780 (2006)]

taxpayer's home as if it were real property and that the value assigned the home substantially exceeded its true value. The Commission reduced the appraised value of the manufactured home from $36,043 to $18,920. For the reasons which follow, we affirm the Commission's final decision.

In 1996, taxpayer purchased his Redman manufactured home for $38,000. After purchase, the home sat on cinder blocks with a brick skirt surrounding the base. The wheels, axle and hitch were removed. Taxpayer did not own the land on which the home was located, but instead rented the land from his ex-wife and son. In the years following the purchase of the home, taxpayer paid his property taxes to Durham County, and each year the assessed value of his home decreased. In 2002, Durham County appraised his home and assessed its value at $18,920.

In July 2003, N.C. Gen. Stat. § 105-273(13) was amended to expressly define differences between real property and tangible personal property as it pertained to manufactured homes. In response to this statutory change, as well as a memorandum of suggestions from the North Carolina Department of Revenue, Durham County began assessing real and personal property manufactured homes under the same valuation methods and procedures. In 2003, Durham County appraised taxpayer's home and assessed its value at $34,440.

Taxpayer appealed the appraisal to the Durham County Board of Equalization and Review. The County Board increased the valuation of taxpayer's home to $36,043. Taxpayer appealed to the North Carolina Property Tax Commission ("Commission"), sitting as the State Board of Equalization and Review. The Commission heard testimony from taxpayer and the Deputy Assessor for Durham County, Jay Miller. The Commission determined that Durham County employed an arbitrary or illegal method of appraisal as to taxpayer's home. The Commission also found Durham County's valuation of taxpayer's home to substantially exceed its true value. Accordingly, the valuation was reduced to $18,920. Durham County appealed.

I.

For this Court to reverse the Commission's decision, appellant must show that the Commission's findings were:

(1) In violation of constitutional provisions; or

(2) In excess of statutory authority or jurisdiction of the Commission; or

(3) Made upon unlawful proceedings; or

(4) Affected by other errors of law; or

(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 105-345.2(b) (2005). "Questions of law receive *de novo* review, while issues such as sufficiency of the evidence to support the Commission's decision are reviewed under the whole-record test." *In re Greens of Pine Glen Ltd.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citing N.C. Gen. Stat. § 105-345.2(b)). In evaluating whether the record supports the Commission's decision, "this Court must evaluate whether the decision is supported by substantial evidence, and if it is, the decision cannot be overturned." *In re Appeal of Interstate Income Fund I*, 126 N.C. App. 162, 165, 484 S.E.2d 450, 452 (1997) (citing *In re Appeal of Perry-Griffin Found.*, 108 N.C. App. 383, 394, 424 S.E.2d 212, 218 (1993)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State ex rel. Comm'r of Ins. v. N.C. Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231 S.E.2d 882, 888 (1977). Under the "whole record test," this Court may not "substitute its judgment for that of the agency when two reasonable conflicting results could be reached." *In re Southview Presbyterian Church*, 62 N.C. App. 45, 47, 302 S.E.2d 298, 299 (1983).

Since *ad valorem* tax assessments are presumed correct, the taxpayer has the burden, before the Commission, of showing the assessment was erroneous. *In re McElwee*, 304 N.C. 68, 75, 283 S.E.2d 115, 120 (1981). To rebut this presumption, the taxpayer must produce "competent, material and substantial" evidence showing the county tax supervisor used either an arbitrary method of valuation or an illegal method of valuation. *In re Appeal of AMP, Inc.*, 287 N.C. 547, 563, 215 S.E.2d 752, 762 (1975). In addition, the arbitrary or illegal valuation must have substantially exceeded the true value of the property. *Id.*

II.

[1] Durham County first contends the trial court erred in failing to grant its motion to dismiss. Specifically, Durham County argues that taxpayer failed to carry his burden of showing that the county employed an arbitrary or illegal method of valuation and that the

value substantially exceeded the true value in money of the property. After the denial of its motion, however, Durham County presented its own evidence to the Commission, and therefore "waive[d] its right to appeal the denial of a motion to dismiss." *In re N. Wilkesboro Speedway, Inc.*, 158 N.C. App. 669, 677, 582 S.E.2d 39, 44 (2003) (applying the waiver rule to motions to dismiss in administrative proceedings as sound trial management after finding no contrary provision under the North Carolina Administrative Code).

### III.

**[2]** Next, Durham County challenges the evidence supporting two of the Commission's findings of fact. Durham County argues there was no substantial evidence showing that the value of taxpayer's home was $18,920 as of 1 January 2003 and that the county appraised the home under the same methods as if the property was real property. "The Commission's 'findings of fact are conclusive if, upon review of the whole record, they are supported by competent, material, and substantial evidence.' " *In re Appeal of Lee Memory Gardens, Inc.*, 110 N.C. App. 541, 545, 430 S.E.2d 451, 453 (1993) (quoting *In re Humana Hosp. Corp. v. N.C. Dep't of Human Res.*, 81 N.C. App. 628, 633, 345 S.E.2d 235, 238 (1986)). We find competent, material and substantial evidence exists supporting the Commission's findings.

As to the value of the home, taxpayer testified at the hearing that his 2002 tax bill appraised the home at "18,000 and some":

MR. MURRAY: . . .

In . . . 2002, the last tax bill I got was $18,000 and some, which it was appraised at at that time. . . .

MR. YOUNG: Excuse me, Mr. Murray. Would you tell me one more time? You said that in 2002, the tax bill was $18,000?

MR. MURRAY: $18,000 and some for Durham County.

Shortly after this exchange, the Commission again asked taxpayer the appraised value of his home for 2002:

MR. YOUNG: Just to make sure I'm following you, if you don't mind, Mr. Murray. You're telling me that on—telling us, the Commission, that your 2002 tax bill was $18,000, and then you told us that the 2003 tax bill was $36,000?

MR. MURRAY: That's right.

IN RE APPEAL OF MURRAY

[179 N.C. App. 780 (2006)]

It is the role of the Commission "to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts, and to appraise conflicting and circumstantial evidence." *In re McElwee*, 304 N.C. at 87, 283 S.E.2d at 126-27. Taxpayer's testimony was reasonably accepted by the Commission. The Commission's finding as to the value of the home on 1 January 2003 was therefore supported by competent, material and substantial evidence.

As to the method of appraisal, the Deputy Assessor for Durham County, Jay Miller ("Miller"), provided substantial evidence showing that Durham County appraised the home under the same methods as if the home was real property. Miller created the schedule of values for manufactured homes in Durham County. He testified that in 2003, Durham County reappraised all 943 personal property manufactured homes with the same schedule of values in place for appraising real property manufactured homes since 2001. Miller further acknowledged that the county's schedule of values were used to appraise personal property manufactured homes in the same manner as real property manufactured homes.

> MR. RAYNOR: Yeah, if I have a Redman manufactured home on my own lot sitting on a nice, permanent foundation, it was already valued at 38,000. And before the law changed, if I had one, like the Taxpayer does, it was valued at 18,000, and the day after the law changed, you just pushed his up to 38,000, didn't you? . . . [Y]ou could have said, you know, "These $38,000 manufactured homes that we're valuing as real property really ought to be valued at 28,000." But you didn't; you just pushed all the ones that you were valuing as personal property and just pushed them up to what you were valuing the ones that were real property.
>
> WITNESS: I used the schedule of values to value them.
>
> MR. RAYNOR: Well, who created the schedule of values?
>
> WITNESS: I did.

Examining the whole record, the Commission's finding that Durham County appraised taxpayer's manufactured home under the same method as it appraised real property manufactured homes was supported by competent, material and substantial evidence.

IV.

**[3]** Under its final assignments of error, Durham County challenges the Commission's conclusions of law. The Commission concluded that Durham County employed an arbitrary or illegal method of valuation and found that the valuation substantially exceeded the true value of the home. Insofar as the conclusions of law involve statutory interpretation, we apply a *de novo* review. *In re Appeal of Lee Memory Gardens*, 110 N.C. App. at 545, 430 S.E.2d at 453. The remaining conclusions of law are final if supported by competent, material and substantial evidence. *In re Appeal of Parsons*, 123 N.C. App. 32, 40, 472 S.E.2d 182, 187 (1996) (citing *In re Appeal of Lee Memory Gardens*, 110 N.C. App. at 545, 430 S.E.2d at 453).

All manufactured home appraisals occurring on or after 1 July 2003 are subject to the amended statutory guidelines outlining the differences between a manufactured home affixed to land owned by the owner of the home, and a manufactured home on land leased from someone else. N.C. Gen. Stat. § 105-273(13) (2005). The former is considered real property, but the latter is considered personal property, unless the lease extends for a primary term of at least 20 years and expressly provides for disposition of the manufactured home at the end of the lease. *Id.*

Our General Statutes specifically set forth different valuation methods for real and personal property. The appraisal of real property is governed by N.C.G.S. § 105-317, making it the duty of the assessor to use a uniform schedule of values, standards, and rules. N.C. Gen. Stat. § 105-317(b)-(c) (2005). In contrast, the appraisal of personal property is governed by N.C.G.S. § 105-317.1, and provides specific elements for consideration. Those elements are sale price of similar property, replacement cost, age, physical condition, and remaining life of the property, productivity and economic utility, effect of obsolescence, and any other factor that may affect the value of the property. N.C. Gen. Stat. § 105-317.1(a) (2005).

Under N.C.G.S. § 105-283, real and personal property should be appraised at its "true value in money." N.C. Gen. Stat. § 105-283 (2005). "True value" is defined as the market value or "the price estimated in terms of money at which the property would change hands between a willing and financially able buyer and a willing seller. N.C. Gen. Stat. § 105-283; *see also In re Bermuda Run Prop. Owners*, 145 N.C. App. 672, 677, 551 S.E.2d 541, 544 (2001). N.C.G.S. § 105-284 requires both real and personal property taxes to be levied uniformly.

Neither provision, however, requires uniformity between real and personal property in comparison to each other. Further, no provision allows for the appraisal of personal property under a real property schedule of values. Miller, Durham County's witness, admitted as much while testifying.

> CHAIRMAN WHEELER: . . . [T]here's no law in this state that I know of that allows you to go to the schedule of values to value something that you determine to be personal property. Is that correct?

> WITNESS: That's correct.

Durham County's appraisal method was arbitrary or illegal because, as found by the Commission, the county valued personal property using the same method as it valued real property. Durham County's Schedule of Values made no distinction between real and personal property manufactured homes. In addition, values were assessed without express consideration of the personal property elements outlined under N.C.G.S. § 105-317.1. Miller indicated that the schedule of values was not designed to appraise personal property:

> CHAIRMAN WHEELER: Is there anywhere in Durham County's Schedule of Values that tells you how to appraise personal property?

> WITNESS: No.

Further, an appraisal method is illegal when it fails to result in "true value" property appraisals. *In re Southern Railway Co.*, 313 N.C. 177, 181, 328 S.E.2d 235, 239 (1985). Durham County's appraisal method failed to culminate in the "true value" of the taxpayer's home. In neglecting to distinguish between real and personal property manufactured homes, Durham County's appraisal methods risk this same failure to produce the "true value" of all personal property manufactured homes.

Turning to the appraisal at issue, taxpayer produced competent, material and substantial evidence that showed the county's valuation substantially exceeded the true value of his home. Taxpayer testified to the discrepancy between the 2002 and 2003 appraisal amounts. Ignoring years of previous depreciation, the home was assessed at more than a ninety percent appreciation in value. Substantial evidence within the record supports the Commission's finding that a ninety percent appreciation resulting in a $36,043 appraisal, less than $2,000 under the original purchase price, does not reflect the home's

**IN RE J.M.W., E.S.J.W.**

[179 N.C. App. 788 (2006)]

"true value." Again, the Commission is charged with weighing the sufficiency of the evidence and credibility of the witnesses. Our review of the whole record shows substantial evidence in support of the Commission's decision. Durham County's assignments of error are without merit.

Affirmed.

Judges HUNTER and McCULLOUGH concur.