**IN RE APPEAL OF PARKDALE MILLS**

[225 N.C. App. 713 (2013)]

———————————

IN THE MATTER OF APPEAL OF PARKDALE MILLS AND PARKDALE AMERICA, FROM THE DECISIONS OF THE DAVIDSON COUNTY BOARD OF EQUALIZATION AND REVIEW CONCERNING THE VALUATION OF CERTAIN REAL PROPERTY FOR TAX YEAR 2007

No. COA 12-1078

Filed 5 March 2013

**Taxation—ad valorem property tax—arbitrary and capricious decision**

The North Carolina Property Tax Commission erred by upholding Davidson County's 2007 *ad valorem* property tax valuation of two textile mills. The Commission's decision remained arbitrary and capricious and did not contain a reasoned analysis. The case was again remanded to the Commission for further findings of fact and conclusions of law.

Appeal by taxpayer from final decision on remand entered 23 May 2012 by the North Carolina Property Tax Commission. Heard in the Court of Appeals 10 January 2013.

*Parker Poe Adams & Bernstein LLP, by Charles C. Meeker and Jamie S. Schwedler, for respondent.*

*Bell, Davis & Pitt, P.A., by John A. Cocklereece, Jr., D. Anderson Carmen, and Justin M. Hardy, for taxpayer.*

HUNTER, JR., Robert, N., Judge.

Parkdale America, LLC ("Parkdale") appeals from the Final Decision on Remand of the North Carolina Property Tax Commission ("the Commission") upholding Davidson County's (the "County") 2007 *ad valorem* property tax valuation of two textile mills located in

Lexington and Thomasville. Parkdale alleges, *inter alia*, that the Commission erred in re-affirming the County's valuation because the Commission did not follow this Court's instructions in *In re Parkdale Am.*, ___ N.C. App. ___, ___, 710 S.E.2d 449, 453 (2011) (*"Parkdale I"*). We agree with Parkdale that the Commission's decision remains arbitrary and capricious and does not contain a "reasoned analysis." Therefore, we again remand to the Commission for further findings of fact and conclusions of law consistent with this opinion.[1]

## I. Factual and Procedural Background

In our previous consideration of this case, we noted that the County assessed the 1 January 2007 tax value of Parkdale's Lexington plant at $6,776,160 and its Thomasville plant at $3,620,080. *See Parkdale I*, ___ N.C. App. at ___, 710 S.E.2d at 450. Parkdale appealed both valuations to the Davidson County Board of Equalization and Review (the "Review Board"). The Review Board subsequently reduced the appraised value to $5,040,429 for the Lexington plant and $3,287,150 for the Thomasville plant. *Id.* Parkdale contended before the Review Board that the true value of the Lexington plant was $906,000 and the true value of the Thomasville plant was $625,000. *Id.*

After the hearing, the Commission determined that "the County had met its burden with regard to the assessments of the Lexington and Thomasville manufacturing facilities" and affirmed the appraised values established by the Review Board. *Id.* Parkdale then appealed the Commission's ruling to this Court. *Id.*

In *Parkdale I*, this Court held that the Commission had improperly applied the requisite burden-shifting framework. *See id.* at ___, 710 S.E.2d at 451 (citing *In re IBM Credit Corp.*, 201 N.C. App. 343, 345, 689 S.E.2d 487, 489 (2009) (*"IBM Credit II"*)). This Court then vacated the Commission's decision and remanded with specific instructions that it *"shall* make specific findings of fact and conclusions of law explaining how it weighed the evidence to reach its conclusions using the burden-shifting framework articulated above and in this Court's previous decisions." *Id.* at ___, 710 S.E.2d at 453 (emphasis in original).

The Commission entered its Final Decision on Remand on 23 May 2012, and Parkdale timely appealed.

---

1. As a result, we do not address any of Parkdale's other arguments.

## II. Jurisdiction & Standard of Review

We have jurisdiction over Parkdale's appeal of right. *See* N.C. Gen. Stat. § 7A–29 (2011) (stating a party has an appeal of right from any final order of the Property Tax Commission); N.C. Gen. Stat. § 105–345(d) (2011) (stating an appeal shall be to this Court).

When reviewing decisions of the Commission, this Court

> may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional provisions; or
> (2) In excess of statutory authority or jurisdiction of the Commission; or
> (3) Made upon unlawful proceedings; or
> (4) Affected by other errors of law; or
> (5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or
> (6) Arbitrary or capricious.

N.C. Gen. Stat. § 105–345.2(b) (2011).

Our Supreme Court has noted, "[a]n act is arbitrary when it is done without adequate determining principle." *In re Hous. Auth. of City of Salisbury, Project NC-16-2*, 235 N.C. 463, 468, 70 S.E.2d 500, 503 (1952). Moreover, an act is capricious "when it is done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." *Id.* In short, when these terms are applied to discretionary acts, such as the determinations of the Commission, "they ordinarily denote abuse of discretion, though they do not signify nor necessarily imply bad faith." *Id.* "Determination of whether conduct is arbitrary and capricious or an abuse of discretion is a conclusion of law." *Transcon. Gas Pipe Line Corp. v. Calco Enters.*, 132 N.C. App. 237, 244, 511 S.E.2d 671, 677 (1999) (citing *Dept. of Trans. v. Overton*, 111 N.C. App. 857, 861, 433 S.E.2d 471, 474 (1993)).

We review Commission decisions under the whole record test to " 'determine whether an administrative decision has a rational basis

in the evidence.' " *In re McElwee*, 304 N.C. 68, 87, 283 S.E.2d 115, 127 (1981) (quoting *In re Rogers*, 297 N.C. 48, 65, 253 S.E.2d 912, 922 (1979)).

> The "whole record" test does not allow the reviewing court to replace the [Commission's] judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo*. On the other hand, the "whole record" rule requires the court, in determining the substantiality of evidence supporting the [Commission's] decision, to take into account whatever in the record fairly detracts from the weight of the [Commission's] evidence. Under the whole evidence rule, the court may not consider the evidence which in and of itself justifies the [Commission's] result, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.

*Id.* at 87-88, 283 S.E.2d at 127 (quotation marks and citations omitted). However, this Court cannot reweigh the evidence presented and substitute its evaluation for the Commission's. *In re AMP*, 287 N.C. 547, 562, 215 S.E.2d 752, 761 (1975). "If the Commission's decision, considered in the light of the foregoing rules, is supported by *substantial evidence*, it cannot be overturned." *In re Philip Morris U.S.A.*, 130 N.C. App. 529, 533, 503 S.E.2d 679, 682 (1998) (emphasis added).

### III. Analysis

Our opinion in *Parkdale I* thoroughly described the burden-shifting framework the Commission is required to apply. *See Parkdale I*, ___ N.C. App. at ___, 710 S.E.2d at 451. A county's *ad valorem* tax assessment is presumptively correct. *See IBM Credit II*, 201 N.C. App. at 345, 689 S.E.2d at 489 (2009) (citing *In re AMP*, 287 N.C. at 562, 215 S.E.2d at 761). However, the taxpayer may rebut this presumption by presenting "competent, material[,] and substantial evidence that tends to show that (1) [e]ither the county tax supervisor used an arbitrary method of valuation; or (2) the county tax supervisor used an illegal method of valuation; and (3) the assessment substantially exceeded the true value in money of the property." *Id.* (quoting *In re AMP*, 287 N.C. at 563, 215 S.E.2d at 762) (second alteration in original) (quotation marks omitted). "Simply stated, it is not enough for the taxpayer to show that the means adopted by the tax supervisor were wrong, he must also show that the result arrived at is *substantially* greater than the true value in money of the property

IN RE APPEAL OF PARKDALE MILLS

[225 N.C. App. 713 (2013)]

assessed, i.e., that the valuation was *unreasonably* high." *In re AMP*, 287 N.C. at 563, 215 S.E.2d at 762 (citing *Albemarle Elec. Membership Corp. v. Alexander*, 282 N.C. 402, 410, 192 S.E.2d 811, 816-17 (1972)).

Once the taxpayer rebuts the initial presumption, the burden shifts back to the County which must then demonstrate that its methods produce true values. *See IBM Credit II*, 201 N.C. App. at 345, 689 S.E.2d at 489 (citing *In re S. Ry.*, 313 N.C. 177, 182, 328 S.E.2d 235, 239 (1985)). The critical inquiry in such instances is whether the County's appraisal methodology "is the proper means or methodology given the characteristics of the property under appraisal to produce a true value or fair market value." *Id.* at 349, 689 S.E.2d at 491 (internal quotation marks omitted). To determine the appropriate appraisal methodology under the given circumstances, the Commission must " 'hear the evidence of both sides, to determine its weight and sufficiency and the credibility of witnesses, to draw inferences, and to appraise conflicting and circumstantial evidence, all in order to determine whether the Department met its burden.' " *Id.* (quoting *In re S. Ry.*, 313 N.C. at 182, 328 S.E.2d at 239).

In the initial appeal of the present case, Parkdale contended, as it contends now, that the County's appraisal methodology was arbitrary and capricious. *See Parkdale I*, ___ N.C. App. at ___, 710 S.E.2d at 451. This Court did not see then, and does not see now, how the Commission's acceptance of the County's valuation without further appraisal of conflicting evidence (as required by *IBM Credit II*) is anything but arbitrary or capricious; the Commission's decision appears to be wholly discretionary and not based on the requisite determining principles. *See In re Hous. Auth. of City of Salisbury, Project NC-16-2*, 235 N.C. at 468, 70 S.E.2d at 503.

This Court remanded the Commission's initial decision in part because of the Commission's enigmatic application of the aforementioned burden-shifting framework. Curiously, the Commission concluded "that *the County met its burden* with regard to the assessments of the Lexington and Thomasville manufacturing facilities." *Parkdale I*, ___ N.C. App. at ___, 710 S.E.2d at 452 (emphasis added). This is puzzling because ordinarily the County bears no burden, as the County's tax assessment is presumptively correct. *See In re AMP*, 287 N.C. at 562, 215 S.E.2d at 761. Thus, following the burden-shifting scheme, in order for the County to have any sort of burden to meet, Parkdale must have shifted the burden to the County by successfully rebutting the presumptive validity of the County's *ad valorem* tax assessment. *See Parkdale I*, ___ N.C. App. at ___, 710 S.E.2d at 452-53.

Parkdale may have rebutted the presumptive validity of the *ad valorem* tax assessment (and thereby shifted the burden to the County) by showing that the County's valuation was either (1) arbitrary or (2) illegal; *and* that this valuation was (3) substantially higher than the true value of the property. *See In re AMP*, 287 N.C. at 563, 215 S.E.2d at 762. Problematically, the Commission's initial decision made no explicit mention by findings of fact or conclusions of law to show precisely how Parkdale shifted the burden to the County. *See Parkdale I*, ___ N.C. App. at ___, 710 S.E.2d at 453. Even more concerning is that the Commission's initial decision did not explain the process by which the County carried its newly applied burden to demonstrate that the County's valuation (and not Parkdale's) was correct. *Id.*

Lacking both an explanation for the burden shifting and justification for the decision in favor of the County, this Court could not place faith in the Commission's ultimate finding nor adequately apply the standard of review. *Id.* As such, we vacated and remanded the case to the Commission with an expectation that they would conduct additional hearings as necessary. *Id.* This Court also explicitly instructed that the Commission "*shall* make specific findings of fact and conclusions of law explaining how it weighed the evidence to reach its conclusions using the burden-shifting framework articulated above and in this Court's previous decisions." *Id.* (emphasis in original).

On remand, the Commission did not conduct additional hearings. The Commission did, however, make additional conclusions of law. In the Commission's Final Decision on Remand, the Commission clarified that the testimony of Mr. Carter, Parkdale's appraiser, "tends to show that the County Board used an arbitrary method . . . and that the assessments of the Lexington and Thomasville plants substantially exceeded true value." This finding adequately explains why the burden was shifted to the County. *See In re AMP*, 287 N.C. at 563, 215 S.E.2d at 762. However, the Commission still fails in its Final Decision on Remand to adequately explain how the County met this newly applied burden.

The Commission's Final Decision on Remand presents three rationales by which the County has purportedly carried its burden: (1) the incomparability of the value of other plants Mr. Carter used in his appraisal, (2) the comparability of plants that the County used in its appraisal, and (3) Davidson County's Schedule of Values. Upon examination, each of these rationales fails.

First, the Commission notes that Mr. Carter's appraisals relied on plants that were closed or otherwise not comparable to the Parkdale plants. However, the alleged dissimilarity of the plants considered in Mr. Carter's appraisal was only relevant when the burden belonged to Parkdale; the inadequacy of Mr. Carter's appraisal is not material once the burden shifted to the County. If Mr. Carter's appraisals were in fact unreliable, the burden should never have been shifted onto the County in the first instance.

Second, the Commission relies on the County's comparable sales method without fully explaining how the properties examined are particularly comparable to Parkdale's plants. Although potentially relevant, the details about these "more comparable" properties, and specifics regarding the possibility of adaptive reuse of Parkdale's plants, are substantially lacking. Moreover, because the Commission undertook no additional hearings or fact-finding ventures, these comparable sales findings were necessarily part of the record when the Commission first ruled that Parkdale had carried its burden. Thus, if such findings were not substantial enough to prevent Parkdale from carrying its burden, they should not be determinative now that the burden rests on the County.

Third, the application of Davidson County's Schedule of Values likewise fails to carry its burden here. Indeed, these were the same values the Commission rejected as "arbitrary" and "substantially exceed[ing] true value" when it shifted the burden from Parkdale to the County. Accordingly, because the Commission shifted the burden to the County, the County must adequately demonstrate why these once "arbitrary" and excessive values should now be deemed appropriate. *See In re S. Ry. Co.*, 313 N.C. at 182, 328 S.E.2d at 239; *IBM Credit II*, 201 N.C. App. at 345, 689 S.E.2d at 489 (noting that, once the burden has been shifted, the County must prove its valuation methods will indeed produce the property's "true value").

The Commission's new findings do nothing to alleviate this Court's lack of confidence that the County has, in fact, carried its burden. In order to prevail, the County must "demonstrate to the Property Tax Commission that the values determined in the revaluation process were not substantially higher than that called for by the statutory formula, and the county must demonstrate the reasonableness of its valuation 'by competent, material and substantial evidence[.]' " *In re McElwee*, 304 N.C. at 86-87, 283 S.E.2d at 126 (quoting N.C. Gen. Stat. § 105-345.2(b)(5)). Although the Commission's Final

Decision on Remand declares that the County has presented "competent, material, and substantial evidence" necessary to carry its burden, we hold that it has not. The Final Decision on Remand merely establishes that the Commission initially found the County's assessed value to be "arbitrary" and substantially above the market value of the property.

The dictate of *ad valorem* taxes is that the value of the property is the price at which the property would likely change hands between a willing buyer and equally willing seller. *See* N.C. Gen. Stat. § 105-283 (2011). By emphasizing the fact that Parkdale uses these facilities industrially to produce yarn 24-hours a day, the Commission's findings implicitly allow the County to measure the value of the properties as their subjective worth to Parkdale. Such a valuation is obviously not the same as adequately determining the objective value of these properties to another willing buyer. *Cf. In re AMP*, 287 N.C. at 568, 215 S.E.2d at 765.

Although we make no finding on appeal here regarding the true value of the property, this Court is troubled by the substantial discrepancy between Parkdale's assessed value and the County's assessed value. On remand, the Commission shall conduct additional hearings as necessary and make further findings of fact and conclusions of law in order to reconcile this discrepancy. If the County cannot carry its assigned burden, or if the Commission again fails to rectify the inadequacies of its Final Decision, this Court may exercise its prerogative to remand for yet a third time with specific instructions for the Commission to adopt Parkdale's valuation of the property as, unlike the County's valuation, it has not been held to be "arbitrary." *See In re IBM Credit Corp.*, ___ N.C. App. ___, ___, 731 S.E.2d 444, 444-45 (2012) (reversing the third final decision of the Commission and remanding with instructions that the Commission enter a decision adopting the value listed by the taxpayer, "due to the failure of the County to meet its burden").

VACATED AND REMANDED.

Judges STROUD and DAVIS concur.