An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1314
NORTH CAROLINA COURT OF APPEALS

Filed:  5 August 2014

In The Matter of the Appeal of:

| | |
|---|---|
| DENNY E. and DEBORAH C. KING from the decision of the Haywood County Board of Equalization and Review regarding the valuation of certain real property for tax year 2011. | From The North Carolina Property Tax Commission No. 11 PTC 838 |

Appeal by Haywood County from final decision of the North Carolina Property Tax Commission entered 21 June 2013.  Heard in the Court of Appeals 9 April 2014.

> *Denny E. King, pro se.*

> *Parker Poe Adams & Bernstein LLP, by Charles C. Meeker, for Haywood County.*

McCULLOUGH, Judge.

Haywood County appeals from the final decision of the North Carolina Property Tax Commission (the "Commission") in favor of Denny E. King and Deborah C. King ("taxpayers").  For the following reasons, we vacate the final decision and remand to the Commission.

## I. Background

This case concerns a 2011 valuation of taxpayers' real property located at 296 Rough Water Point in Haywood County, North Carolina, (the "subject property") for purposes of assessing ad valorem taxes. The subject property includes a single family residence situated on 3.1 acres of land.

In a general reappraisal effective 1 January 2011, the Haywood County Tax Assessor (the "assessor") valued the subject property at a total value of $210,900. Unsatisfied with the valuation, taxpayers appealed the assessor's determination to the Haywood County Board of Equalization and Review (the "County Board"), who later received evidence and heard testimony in the case on 25 July 2011. By notice mailed 2 September 2011, the County Board notified taxpayers of its decision to reduce the valuation to a total value of $205,100.

Still unsatisfied, taxpayers proceeded to challenge the County Board's decision by appealing to the Commission. In their notice of appeal to the Commission, taxpayers asserted the "assessed value per square foot [was] substantially higher than similar assessed homes[]" and alleged the true value of the subject property was $165,232. Taxpayers' appeal then came on

for hearing before the Commission, sitting as the State Board of Equalization and Review, in Raleigh on 18 January 2013.

Subsequent to the hearing, the Commission entered its final decision in favor of taxpayers on 21 June 2013. Specifically, the Commission concluded "[i]n this appeal, [taxpayers] did present evidence tending to show that the county tax supervisor used an arbitrary method of valuation; and that the county's assessment substantially exceeded the true value in money of the property." The Commission then ordered that the value assigned to the subject property by the County Board be modified to a total value of $172,200.

Haywood County appealed the Commission's decision to this Court on 18 July 2013.

## II. Standard of Review

N.C. Gen. Stat. § 105-345.2 governs this Court's review of a final decision by the Commission. It provides in pertinent part:

> So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the

decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

(1) In violation of constitutional provisions; or

(2) In excess of statutory authority or jurisdiction of the Commission; or

(3) Made upon unlawful proceedings; or

(4) Affected by other errors of law; or

(5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C. Gen. Stat. § 105-345.2(b) (2013). "In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party and due account shall be taken of the rule of prejudicial error." N.C. Gen. Stat. § 105-345.2(c).

### III. Discussion

Haywood County raises the following issues on appeal: whether the Commission erred in (1) failing to explain the process by which it concluded taxpayers rebutted the presumption of correctness afforded to ad valorem tax assessments, (2) failing to explain why the valuation of the subject property should be reduced to $172,200, and (3) failing to find and

conclude that substantial evidence supported the County Board's assessment of the subject property at a value of $205,100. We address the first two issues together, followed by the third issue.

### Sufficiency of the Commission's Final Decision

In the first two issues on appeal, Haywood County challenges the sufficiency of the Commission's final decision. Specifically, Haywood County contends the Commission erred in failing to explain how it applied the burden shifting analysis and how it determined the reduced value of the subject property. In response to Haywood County's arguments, taxpayers do not address the adequacy of the Commission's final decision, but instead point to evidence they contend supports the Commission's decision. Upon review, we agree with Haywood County and hold the final decision inadequate.

North Carolina's uniform appraisal standards provide the following guidance:

> All property, real and personal, shall as far as practicable be appraised or valued at its true value in money. When used in this Subchapter, the words "true value" shall be interpreted as meaning market value, that is, the price estimated in terms of money at which the property would change hands between a willing and financially able buyer and a willing seller, neither being under any compulsion to buy or to sell and both

> having reasonable knowledge of all the uses to which the property is adapted and for which it is capable of being used.

N.C. Gen. Stat. § 105-283 (2013).

"It is . . . a sound and a fundamental principle of law in this State that ad valorem tax assessments are presumed to be correct." *In re Amp*, 287 N.C. 547, 562, 215 S.E.2d 752, 761 (1975). Yet, "the presumption is only one of fact and is therefore rebuttable." *Id.* at 563, 215 S.E.2d at 762. "[T]he burden of proof is on the taxpayer to show that the assessment was erroneous." *Id.* at 562, 215 S.E.2d at 762.

> [I]n order for the taxpayer to rebut the presumption he must produce competent, material and substantial evidence that tends to show that: (1) [e]ither the county tax supervisor used an *arbitrary* method of valuation; or (2) the county tax supervisor used an *illegal* method of valuation; AND (3) the assessment *substantially* exceeded the true value in money of the property. Simply stated, it is not enough for the taxpayer to show that the means adopted by the tax supervisor were wrong, he must also show that the result arrived at is *substantially* greater than the true value in money of the property assessed, i.e., that the valuation was *unreasonably* high.

*Id.* at 563, 215 S.E.2d at 762 (quotation marks and citation omitted) (emphasis in original). "[O]nce [the] taxpayer produces the evidence required by *AMP*, the burden of proof then shifts to the taxing authority: 'The burden of going forward

with evidence and of persuasion that its methods would in fact produce true values then rest[s] with the [taxing authority].'" *In re IBM Credit Corp.*, 186 N.C. App. 223, 226, 650 S.E.2d 828, 830 (2007) (quoting In *re Appeal of S. Ry. Co.*, 313 N.C. 177, 182, 328 S.E.2d 235, 239 (1985)).

As this Court has recognized, in order for this Court to apply its standard of review on appeal, the Commission must issue specific findings and conclusions explaining how it weighed the evidence to reach its decision using the burden-shifting framework and how it determined the true value. *See In re Parkdale America*, 212 N.C. App. 192, 197-98, 710 S.E.2d 449, 453 (2011); *In re IBM Credit Corp.*, 201 N.C. App. 343, 349, 689 S.E.2d 487, 491-92 (2009). In the present case, the Commission did not do so.

Here, the Commission made the following three findings of fact related to its review of the assessment:

> 6. At the hearing, [taxpayers] provided evidence that Haywood County overvalued their property, and that the value assigned to the subject property by the County Board should, in their opinion, be reduced by thirty percent (30%) to recognize the watershed issues associated with the property.
>
> 7. At the hearing, the Commission also heard testimonial evidence by Mr. James Messer. Mr. Messer testified that Haywood County

did consider the 2011 schedule of values, standards, and rules when assessing the subject property, and that the value assigned by the County Board was consistent with the values assessed to similarly situated properties when considering Haywood County's 2011 general reappraisal.

8. Accordingly, after hearing and considering evidence presented by the parties, the Commission determined that the value of $205,100 assigned to the subject property by the County Board did not reflect true value of the property as of January 1, 2011. Consequently, the Commission determined that the market value of the property was $172,200 as of January 1, 2011.

The Commission then concluded, "[i]n this appeal, [taxpayers] did present evidence tending to show that the county tax supervisor used an arbitrary method of valuation; and that the county's assessment substantially exceeded the true value in money of the property."

We hold these findings and conclusions are inadequate to explain the Commission's analysis, frustrating this Court's review. Thus, we vacate the final decision and remand to the Commission. As we instructed in *In re Parkdale America*, 212 N.C. App. at 198, 710 S.E.2d at 453, "[o]n remand, the Commission *shall* make specific findings of fact and conclusions

of law explaining how it weighed the evidence to reach its conclusions[.]"

## True Value

In the third issue on appeal, Haywood County contends the evidence supported the County Board's valuation and requests that this Court provide guidance to the Commission as to the weight and sufficiency that should be afforded the evidence presented. We decline Haywood County's request.

We simply note that both sides presented evidence in support of their argument. It is the Commission's role to weigh and apply that evidence, as well as issue specific findings and conclusions to permit review by this Court.

## III. Conclusion

For the reasons discussed above, we vacate the final decision of the Commission and remand the case for further proceedings.

Vacated and remanded.

Judges ELMORE and DAVIS concur.

Report per RULE 30 (e).